

**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 3rd Floor
New York, New York 10007

June 17, 2008

**By Hand Delivery**

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re: De Masi v. Schumer, 08 Civ. 4818 (KMK)

Dear Judge Karas:

Plaintiff Douglas D. De Masi Sr., who is proceeding pro se, has filed a motion to remand this action to state court on or around June 9, 2008. Plaintiff did not request a pre-motion conference as required by Your Honor's individual rules. On June 2, 2008, the Government requested a pre-motion conference in the above-referenced matter or, in the alternative, for permission to file a motion to dismiss. A copy of the Government's June 2, 2008 letter is attached for the Court's convenience. The Government respectfully requests that the Court hold a pre-motion conference regarding both the Government's motion to dismiss and plaintiff's motion to remand or, in the alternative, that the Court allow the Government to file a motion to dismiss that will address plaintiff's contentions in his motion to remand.

Thank you for your consideration of this matter.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: _____
LAWRENCE H. FOGELMAN
Assistant United States Attorney
Tel.: (212) 637-2719
Fax: (212) 637-2730

*The Court will hold a pre-motion conference on July 22, 2008, at 10:30am. All deadlines are stayed until then.*

*So Ordered*

cc: Douglas D. De Masi Sr., pro se (By Express Mail)

6/19/08



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*


FILE COPY

86 Chambers Street, 3rd Floor
New York, New York 10007

June 2, 2008

**By Hand Delivery**

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601



      Re:   De Masi v. Schumer, 08 Civ. 4818 (KMK)

Dear Judge Karas:

      I write respectfully on behalf of Senator Charles E. Schumer, defendant in the above-referenced action, to request a pre-motion conference in the above-referenced matter pursuant to Your Honor's Individual Rules of Practice or, in the alternative, for permission to file a motion to dismiss. The Government intends to file a motion asking the Court (1) to substitute the United States of America as defendant pursuant to 28 U.S.C. § 2679 with respect to plaintiff's claims against Senator Schumer, and, upon substitution, (2) to dismiss the complaint as against the United States pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Government also respectfully requests an extension of time to file its motion that would otherwise be due today pursuant to Federal Rule of Civil Procedure 81(c)(2)(C) (allowing 5 days to file motion to dismiss after removal).

      Plaintiff Douglas D. De Masi Sr. brought this action in the Supreme Court of the State of New York, County of Putnam, against Senator Schumer. In the complaint, plaintiff, who is proceeding pro se, alleges that difficulties he has had with Country Wide Home Loans have caused him more than $700,000 in damages. Plaintiff has not, however, named Country Wide Home Loans as a defendant in this lawsuit. Instead, he has filed a complaint against Senator Schumer, alleging that the Senator caused him damages by not being sufficiently responsive to his request to assist plaintiff regarding his concerns about Country Wide Home Loans.

      On May 23, 2008, Senator Schumer removed this action to this Court. In accordance with well-established federal law, the United States should be substituted as defendant for Senator Schumer and, upon substitution, the action against the United States should be dismissed in its entirety.

Construing plaintiff's pro se complaint liberally, see, e.g., McKoy v. Potter, No. 01 Civ. 1984 (SHS) (GWG), 2002 WL 31028691 (S.D.N.Y. Sept. 12, 2002), at *6, aff'd, 98 Fed. Appx. 28 (2d Cir. Apr. 1, 2004), plaintiff attempts to state a tort claim against Senator Schumer, seeking monetary damages for personal injuries caused by the Senator's alleged failure to take action against Country Wide Home Loans. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680 (the "FTCA"), is the sole remedy available to a plaintiff asserting claims against federal employees for alleged tortious conduct committed within the scope of their employment. Furthermore, the FTCA requires that the United States be substituted as defendant where, as here, the "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Thus, the United States should be substituted as defendant for Senator Schumer.

Moreover, upon substitution, the Court should dismiss the complaint as against the United States for lack of subject matter jurisdiction. The FTCA requires tort claimants, as a condition of the statute's waiver of sovereign immunity, to exhaust administrative remedies before commencing an action in federal court. Here, however, plaintiff does not assert that he filed an administrative claim with the Office of the Senate Sergeant at Arms, which is charged with administering administrative tort claims filed with the Senate. Accordingly, this action should be dismissed as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See, e.g., Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82-84 (2d Cir. 2005). This Court also lacks subject matter jurisdiction here because the United States has not waived its sovereign immunity for actions premised on the alleged negligence of a Government employee in exercising a discretionary function. See, e.g., 28 U.S.C. § 2680(a); United States v. Gaubert, 499 U.S. 315, 334 (1991). A senator's determination regarding how to respond to a constituent's request is inherently a discretionary determination and thus is not actionable.

Even if the Court had subject matter jurisdiction, plaintiff's complaint nevertheless fails to state a claim on which relief may be granted. Courts have recognized that members of the House and Senate cannot be sued for work provided or not provided to their constituents. See, e.g., Richards v. Harper, 864 F.2d 85, 86, 88 (9th Cir. 1988); Newell v. Brown, 981 F.2d 880, 887 (6th Cir. 1992); McDonough v. Ney, 599 F. Supp. 679, 683 (D. Me. 1984); Craft v. McNulty, 875 F. Supp. 121, 124 (N.D.N.Y. 1995). Plaintiff's complaint should thus be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For all these reasons, the Government respectfully requests a pre-motion conference or, in the alternative, for permission to file a motion to dismiss.

Thank you for your consideration of this matter.

                                        Respectfully,

                                        MICHAEL J. GARCIA
                                        United States Attorney

By:                      
          LAWRENCE H. FOGELMAN
          Assistant United States Attorney
          Tel.: (212) 637-2719
          Fax: (212) 637-2730

cc:    Douglas D. De Masi Sr. (By Express Mail)
       1214 Beekman Road
       Hopewell Jct. N.Y. 12533

3