UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOUGLAS D. DE MASI, SR.,

        Plaintiff,      Case No. 08-CV-4818 (KMK)

 -v-               OPINION & ORDER

SENATOR CHARLES E. SCHUMER,

        Defendant.

---

Appearances:

Douglas D. De Masi, Sr.
Hopewell Junction, New York
*Pro Se Plaintiff*

Lawrence H. Fogelman, Esq.
Assistant United States Attorney
Southern District of New York
New York, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

  On May 23, 2008, Defendant Charles E. Schumer, United States Senator ("Senator Schumer"), removed this case from New York State Supreme Court, Putnam County. Plaintiff Douglas D. De Masi, Sr. ("Plaintiff"), proceeding pro se, seeks remand pursuant to 28 U.S.C. § 1447(c). In addition to opposing remand, Senator Schumer moves to substitute the United States as Defendant pursuant to 28 U.S.C. § 2679, and to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated in this Opinion and Order, Plaintiff's motion to remand is denied, the United

States is substituted as Defendant in these proceedings, and Plaintiff's action is dismissed for lack of subject matter jurisdiction.

## I.  Background

On April 24, 2008, Plaintiff commenced this action against Senator Schumer in the Supreme Court of New York, Putnam County.  Plaintiff's claim arises out of difficulties he allegedly has had with Countrywide Home Loans ("Countrywide"), a lender which held a mortgage on Plaintiff's home and which Plaintiff alleges deliberately and falsely caused Plaintiff financial difficulties, resulting in more than $700,000 in damages.  (Compl. ¶ 6.)  Specifically, Plaintiff alleges that Countrywide, as the holder of the mortgage on his house, along with its CEO and Assistant Vice President, wrongly charged Plaintiff late fees, extra interest, and other fees, and deliberately destroyed his credit rating by posting his mortgage payments late so as to lower Plaintiff's credit rating; as a result, Plaintiff incurred massive debt, was forced to refinance his mortgage at much higher interest rates, and was thereby unable to buy or build a new home. (*Id.* ¶¶ 6-7, 20, 22-24, 34.)

Plaintiff has not named Countrywide as a defendant in this Action.[1]  Plaintiff instead has named only Senator Schumer as a defendant, alleging that he failed to take action against Countrywide, in spite of his numerous statements on television and in the news that he was outraged by the way Countrywide conducts business.  (*Id.* ¶¶ 16-19, 31, 36, 38, 44.)  In addition, Plaintiff claims that Senator Schumer failed to respond to the repeated requests of Plaintiff, one of his constituents, for assistance concerning his dispute with Countrywide.  (*Id.* ¶¶ 16, 20, 25-

---

[1] Plaintiff evidently sued Countrywide in another action in state court.  *See De Masi v. Countrywide Home Loans, Inc.*, No. 08-CV-546, 2009 WL 111598, at *1-2 (S.D.N.Y. Jan. 12, 2009) (ordering remand of that action back to state court).

26, 37.)  According to Plaintiff, Senator Schumer responded to the one package Plaintiff mailed to him by advising Plaintiff to get in touch with the Acorn Agency.  (*Id.* ¶ 26.)[2]  However, Plaintiff was unable to contact Acorn.  (*Id.* ¶¶ 27-30.)[3]

On May 21, 2008, the then-United States Attorney for the Southern District of New York, Michael J. Garcia, certified, pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4 ("Section 15.4"), that Senator Schumer was acting within the scope of his employment as an officer or employee of the United States at the time of the events giving rise to Plaintiff's claims.  (Def.'s Notice of Removal ("Removal Not."), Ex. B.)  Senator Schumer thereupon filed a timely Notice of Removal to the United States District Court for the Southern District of New York on May 23, 2008, pursuant to 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1), 1446(a) and 2679(d)(2).[4]  On June 6, 2008, Plaintiff filed a motion to remand this Action to state court.  (Dkt. No. 2.)  On December 19, 2008, Senator Schumer filed a Motion to Dismiss, pursuant to Rule 12(b)(1) and

---

[2] In one of the exhibits to Plaintiff's Complaint, Senator Schumer advises Plaintiff that "an attorney would be better equipped to assess the legal implications" of Plaintiff's issues with Countrywide.  (Compl. Ex. 3 (Letter from United States Senator Charles E. Schumer to Douglas and Patricia De Masi (Jan. 29, 2008).)

[3] Also attached to Plaintiff's Complaint is a letter dated March 24, 2008, requesting information about Senator Schumer's office, pursuant to the N.Y. Freedom of Information Law.  (Compl. Ex. 4 (Letter from Douglas D. De Masi, Sr. to Records Access Officer (Mar. 24, 2008).)

[4] Senator Schumer states that his submission of the Notice of Removal is solely for the purpose of removing the action to the appropriate federal court and is not a general appearance.  Accordingly, submission of the Notice of Removal does not constitute a waiver of any defense available to Senator Schumer, including any defense under Rule 12 of the Federal Rules of Civil Procedure.  (Removal Not. ¶ 10.)

Rule 12(b)(6).[5]  Plaintiff responded to Senator Schumer's motion by letter on January 16, 2009.[6] (Letter from Douglas D. De Masi, Sr. to the Court (Jan. 16, 2009).)

## II. Discussion

### A.  Removal Jurisdiction and Substitution of the United States as Defendant

Plaintiff seeks to remand this action pursuant to 28 U.S.C. § 1447(c) on the basis that this Court lacks subject matter jurisdiction because Plaintiff's claims do not arise under federal law. (Pl.'s Mot. for Remand ¶¶ 1, 4-5.)

A motion to remand a case that has been removed to federal court may be based on either a defect in the removal procedure, such as failure to remove within the statutory thirty-day time period, or a defect in federal jurisdiction.  *See* 28 U.S.C. § 1447(c).[7]  A district court is required to remand a case "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'"  *Cuomo v. Dreamland Amusements, Inc.*, Nos. 08-CV-6321, 08-CV-7100, 2008 WL 4369270, at *2 (S.D.N.Y. Sept. 22, 2008) (quoting 28 U.S.C. § 1447(c)); *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000) (considering

---

[5] At the time Senator Schumer filed his motion to dismiss, Plaintiff was provided with a Notice to Pro Se Litigant Opposing a Rule 12 Motion Supported by Matters Outside the Pleadings, as required by Local Civil Rule 12.1.

[6] Plaintiff sent an additional letter to the Court on February 5, 2009, alerting the Court to the fact that no reply had been filed (Letter from Douglas D. De Masi, Sr. to the Court (Feb. 5, 2009)), and on February 9, 2009, the Court received a letter in response from Senator Schumer's counsel, informing the Court that Senator Schumer would not be filing a reply (Letter from Lawrence H. Fogelman, Esq. to the Court (Feb. 9, 2009)).

[7] Plaintiff filed his action in New York Supreme Court, Putnam County, on April 24, 2008, and Senator Schumer removed the action to this Court on May 23, 2008.  Accordingly, Senator Schumer properly removed the action within thirty days.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . .").  In addition, because the Court finds that removal is proper under the Federal Tort Claims Act ("FTCA"), Senator Schumer was permitted to remove the state action "at any time before trial."  28 U.S.C. § 2679(d)(2).

whether case was properly removed *sua sponte* and noting that a challenge to subject matter jurisdiction cannot be waived and that where jurisdiction is lacking, dismissal is mandatory). The burden of proof to establish that removal to federal court was proper falls upon the removing party. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). Further, "[a]s the Second Circuit has repeatedly cautioned, '[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel.'" *De Masi v. Countrywide Home Loans, Inc.*, No. 08-CV-546, 2009 WL 111598, at *1 (S.D.N.Y. Jan. 12, 2009) (second and third alteration in *De Masi*) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)).

### 1.  Removal Pursuant to 28 U.S.C. § 2679(d)(2)

Senator Schumer asserts that the case was properly removed to federal court under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), pursuant to 28 U.S.C. § 2679(d)(2). In addition, Senator Schumer claims that, pursuant to 28 U.S.C. § 2679(d) and Section 15.4, this action should be deemed to have been brought against the United States, and the United States should be substituted as Defendant.

"The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees . . . within the scope of their employment." *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008); *see also Rodriguez v. United States*, No. 01-CV-4975, 2001 WL 1590516, at *2 (E.D.N.Y. Nov. 3, 2001) (noting that the FTCA "provides the *exclusive* remedy for torts committed by federal employees in the course of their duties" (emphasis in

original)).[8]  Thus, "[b]y way of the FTCA, the United States has provided a limited waiver of its sovereign immunity for specified tort cases, with exclusive jurisdiction over these cases in the federal courts."  *Delgado v. Our Lady of Mercy Med. Ctr.*, No. 06-CV- 5261, 2007 WL 2994446, at *4 (S.D.N.Y. Oct. 12, 2007).

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, otherwise known as the "Westfall Act," federal employees enjoy absolute immunity from tort claims arising out of acts undertaken in the course of their official duties.  *See Osborn v. Haley*, 549 U.S. 225, 229 (2007); 28 U.S.C. § 2679(b)(1).  In particular, the Westfall Act authorizes the Attorney General, or the United States Attorney, pursuant to Section 15.4,[9] to certify that the conduct alleged by the plaintiff satisfies the requirements of an FTCA claim, and that the defendant was acting within the scope of his employment with respect thereto.  Specifically, the Westfall Act provides:

> Upon certification . . . that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . at any time before trial . . . to the district court of the United States . . . .  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This

---

[8] As the Supreme Court has recognized, "the United States, as sovereign, is immune from suit save as it consents to be sued."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation marks omitted).

[9] Section 15.4 provides that, for purposes of removing and defending FTCA suits, "the United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out which the suit arose."  28 C.F.R. § 15.4(a).

6

>certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

"[O]nce the United States Attorney has made the necessary certifications regarding scope of employment in a tort action . . . , such a certification is 'dispositive' for purposes of selecting the appropriate forum for adjudication." *Delgado*, 2007 WL 2994446, at *5 (quoting *Osborn*, 549 U.S. at 242). In other words, the certification "renders the federal court exclusively competent and categorically precludes a remand to the state court." *Osborne*, 549 U.S. at 243. Furthermore, the FTCA requires that the United States be substituted as defendant where the United States Attorney has made the requisite certification. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005) ("Upon certification, the action may then be removed to federal court. Once such a case is removed, the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit." (internal citation omitted)); *Delgado*, 2007 WL 2994446, at *2 ("Because the remedy provided by the FTCA against the United States is exclusive, the United States must be substituted . . . if the conditions of certification . . . are met.").

Here, Senator Schumer argues that the FTCA is applicable because (1) Plaintiff's pleadings sound in tort (Removal Not. ¶ 3), and (2) the United States Attorney has properly certified that Senator Schumer was acting in the scope of his employment as a United States Senator at all times relevant to the incidents alleged in the Complaint (*id.* ¶ 6 & Ex. B).

The Court agrees. First, the Court finds that members of Congress are federal employees and thereby are entitled to the immunity provided by the Westfall Act. *See Operation Rescue Nat'l v. United States*, 147 F.3d 68, 70-71 (1st Cir. 1998) (applying Westfall Act to suit against

senator); *Williams v. United States*, 71 F.3d 502, 504-05 (5th Cir. 1995) (finding that Westfall Act applied to congressman who made allegedly defamatory remarks); *Alkadi v. Tancredo*, No. 07-CV-100, 2007 WL 3232205, at *5 (D. Colo. Oct. 29, 2007) (holding that congressman was included in FTCA's definition of "employee of the government" and substituting the United States for congressman for purposes of Plaintiff's tort claims); *Council on Am. Islamic Relations, Inc. v. Ballenger*, 366 F. Supp. 2d 28, 31-32 (D.D.C. 2005) (holding that congressman was acting within the scope of his employment for purposes of the Westfall Act).

Second, reading Plaintiff's Complaint liberally, as the Court must do, the Court finds that Plaintiff's claims properly should be construed as asserting tort claims against Senator Schumer. Plaintiff alleges that Senator Schumer neglected to take action against Countrywide, in spite of Senator Schumer's statements that he would do so on television and radio. Plaintiff questions why Senator Schumer and other United States senators have not exposed Countrywide for being "very crooked." (Compl. ¶ 33.) Additionally, Plaintiff alleges that Senator Schumer failed to return his phone calls or personally assist him, even though he is one of Senator Schumer's constituents. Indeed, in his Motion for Remand, Plaintiff confirms that his Complaint "alleges an intentional and outrageous course of conduct by [Senator Schumer]." (Pl.'s Mot. for Remand ¶ 2.)

Third, the United States Attorney for the Southern District of New York, Michael A. Garcia, certified that Senator Schumer was acting in the scope of his employment as a United States Senator at all times relevant to the incidents alleged in the Complaint (Removal Not., Ex. B.) While this certification is subject to *de novo* review by the courts, *see Marley v. Ibelli*, 203 F. Supp. 2d 302, 308 (S.D.N.Y. 2001), "such review is triggered by opposition from the plaintiff

'alleg[ing] with particularity facts relevant to the scope-of-employment issue' as read in the light most favorable to the plaintiff." *Id.* (quoting *McHugh v. Univ. of Vt.*, 966 F.2d 67, 74 (2d Cir. 1992), *abrogated on other grounds by Osborn*, 549 U.S. at 225). Here, Plaintiff has not argued, nor does Plaintiff's Complaint allege, that Senator Schumer's conduct was committed outside the scope of his employment as a United States Senator. In fact, Plaintiff's allegations depend on Senator Schumer's status and conduct as a United States Senator. For example, Plaintiff alleges that Senator Schumer did not keep promises he made to his constituents and failed to return calls made by Plaintiff, one of his constituents. The Supreme Court has noted that members of Congress engage in a "wide range of legitimate 'errands' performed for constituents" including "news releases" and "speeches delivered outside the Congress." *United States v. Brewster*, 408 U.S. 501, 512 (1972); *cf. Williams*, 71 F.3d at 506 (finding that allegation of defamatory statements was a cognizable tort claim under FTCA); *Council on Am. Islamic Relations*, 366 F. Supp. 2d at 32 (same). Moreover, "[u]nder New York law, an employee's tortious acts fall within the scope of his or her employment if done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Delgado*, 2007 WL 2994446, at *3 (internal quotation marks omitted). As a result, the Court finds that Senator Schumer was acting within the scope of his employment as a United States Senator in connection with Plaintiff's claim of wrongdoing and, accordingly, certification was proper pursuant to 28 U.S.C. § 2679(d)(2). Therefore, because the Court finds that the United States of America has satisfied the requirements of 28 U.S.C. § 2679(d)(2), the Court finds that removal was proper. Accordingly, the United States is substituted as the proper Defendant for Plaintiff's FTCA claim, and Senator Schumer is dismissed from the action. *See Osborn*, 549 U.S. at 230 ("Upon . . .

9

certification, the employee is dismissed from the action, and the United States is substituted as defendant in the place of the employee.").

### 2. Removal Pursuant to 28 U.S.C. § 1442(a)(1)

Alternatively, Senator Schumer claims that he was acting within the scope of his employment as a federal officer throughout the course of the alleged misconduct, and therefore, removal is proper pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal of a civil action commenced in a state court against "any officer . . . of the United States . . . for any act under color of such office."[10] 28 U.S.C. § 1442(a)(1). Sections 1442(a)(1) and 2679(d) are two "separate and alternative removal statutes, both of which authorize removal of cases to federal court." *Jamison v. Wiley*, 14 F.3d 222, 237 (4th Cir. 1994); *see also Charles v. Inam*, No. 99-CV-12427, 2001 WL 79900, at *2 (S.D.N.Y. Jan. 30, 2001) (noting that the Westfall Act and 28 U.S.C. § 1442(a)(1) each provide a separate right to removal).

Here, Plaintiff's motion additionally should be denied because Senator Schumer has also shown that removal was proper under 28 U.S.C. § 1442(a)(1). "A member of Congress is unquestionably an officer of the United States as this term is commonly used and must be considered as such pursuant to Section 1442(a)(1)." *Hill Parents Ass'n v. Giaimo*, 287 F. Supp. 98, 99 (D. Conn. 1968). In addition, "congressional activities 'under color . . . of office' include communications to constituents, either directly or by means of public media, on subjects of

---

[10] Defendant does not claim, nor would it be proper to find, that removal is proper under 28 U.S.C. § 1442(a)(4), which provides for removal of an action against "[a]ny officer of either House of Congress, for any act in the discharge of his [or her] official duty under an order of such House." 28 U.S.C. § 1442(a)(4). Here, Defendant's actions, as alleged by Plaintiff, would not have been "under an order" of the Senate. *See Torres v. CBS News*, 854 F. Supp. 245, 248 n.4 (S.D.N.Y. 1994) ("Removal jurisdiction would not ordinarily lie under § 1442(a)(4) in the circumstances of this case because the alleged actions would not have been 'under an order of' the House . . . .").

potential general interest to those constituents." *Torres v. CBS News*, 854 F. Supp. 245, 247 (S.D.N.Y. 1994) (holding that removal of action, alleging that then-Congressman Charles E. Schumer made false and defamatory statement concerning plaintiff's immigration services, was proper pursuant to 28 U.S.C. § 1442(a)(1)); *see also Williams*, 71 F.3d at 507 (noting that a "primary obligation of a Member of Congress in a representative democracy is to serve and respond to his or her constituents"). Plaintiff's Complaint alleges that his injury relates, at least in part, to statements Senator Schumer made to the public concerning promises to investigate Countrywide's lending and business practices (Compl. ¶¶ 16-19, 31, 36, 38, 44), as well as out of Senator Schumer's failure to return Plaintiff's phone calls or otherwise communicate with him (*id.* ¶¶ 16, 20, 25-26, 37). While 28 U.S.C. § 1442(a)(1) implicitly contains the related requirement that removal be predicated on the existence of a federal defense, *see Mesa v. California*, 489 U.S. 121, 132 (1989) (noting that existence of a colorable federal defense is a "general requirement" for federal officer removal), this is met in this case by Senator Schumer's assertion of immunity (Removal Not. ¶¶ 5-6). *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (noting that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court"); *Williams v. Brooks*, 945 F.2d 1322, 1324 n.2 (5th Cir. 1991) (holding that the defendant's assertion of immunity was sufficient to meet the requirement of a colorable federal defense); *Torres*, 854 F. Supp. at 247 ("Congressman Schumer's assertion of an official immunity defense is sufficient to provide for removal."). Accordingly, the Court finds, in the alternative, that Senator Schumer has met his burden to show that removal is also proper under 28 U.S.C. § 1442(a)(1).

B.  Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1)

Where, as here, "[a] court [is] presented with a motion to dismiss under both [Federal Rule of Civil Procedure] 12(b)(1) and 12(b)(6)[, it] must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Homefront Org., Inc. v. Motz*, 570 F. Supp. 2d 398, 404 (E.D.N.Y. 2008) (internal quotation marks omitted); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry . . . .").

Pursuant to Rule 12(b)(1), the Court must dismiss a claim when it "lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted); *see also Arar*, 532 F.3d at 168 ("A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." (quoting *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007))). "[P]laintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  In considering a motion made pursuant to Rule 12(b)(1), "[a] court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)  "Moreover, given that [Plaintiff] was proceeding *pro se* . . . his submissions to [the C]ourt 'must be construed liberally.'" *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)).  "Nevertheless, even on a motion to dismiss, [the C]ourt[] [is] not bound to accept as true a legal conclusion couched as a

factual allegation." *Conyers v. Rossides*, -- F.3d --, 2009 WL 513734, at *4 (2d Cir. Mar. 3, 2009) (internal quotation marks omitted).

As noted above, "the United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman*, 453 U.S. at 160 (internal quotation marks omitted). The United States, therefore, "cannot be sued at all without the consent of Congress," and "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). To establish that subject matter jurisdiction exists for a suit, Plaintiff must identify an applicable waiver of the Government's sovereign immunity; otherwise, the Court must dismiss the suit, pursuant to Rule 12(b)(1). *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." (internal citation omitted)).

As previously set forth, "[t]he FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees . . . within the scope of their employment." *Mathirampuzha*, 548 F.3d at 80. However, "the waiver of immunity is conditioned upon a claimant exhausting all administrative remedies before filing a complaint in federal district court." *Delgado*, 2007 WL 2994446, at *4; *see also Celestine*, 403 F.3d at 82; 28 U.S.C. § 2675(a). The requirement that a claimant exhaust all administrative remedies is "jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). This requirement applies to all suits, including those

that were originally brought in state court. *See Celestine*, 403 F.3d at 82. Before initiating a lawsuit against a United States Senator, a plaintiff is first required to file an administrative claim with the Office of the Senate Sergeant at Arms, which is the body charged with processing administrative tort claims filed with the United States Senate under the FTCA. *See* S. Res. 492, 97th Cong. (1982), *as reprinted in* Senate Manual § 109, 110th Cong., *available at* http://www.gpoaccess.gov/smanual/index.html (last visited Mar. 27, 2009) ("[T]he Sergeant at Arms of the Senate . . . may consider and ascertain and, . . . determine, compromise, adjust, and settle, in accordance with the provisions of chapter 171 of Title 28, United States Code [(the FTCA)], any claim for money damages against the United States for injury of loss of property or personal injury or death caused by the negligent or wrongful act or omission of any Member, officer, or employee of the Senate while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). However, Plaintiff's Complaint fails to allege that Plaintiff has complied with this requirement. Moreover, Plaintiff has failed, in responding to Senator Schumer's motion, to demonstrate that he has completed this necessary step before initiating this lawsuit.[11]

Accordingly, the Court lacks subject matter jurisdiction over the claims asserted against the United States, as substituted for Senator Schumer, and therefore the action must be dismissed

---

[11] Again, while the Court has given Plaintiff, who is proceeding pro se, the benefit of every doubt, it is without authority to excuse the requirement that Plaintiff administratively exhaust his claims against Senator Schumer. *See McNeil*, 508 U.S. at 113 (refusing to excuse administrative exhaustion requirements for pro se plaintiff and noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

without prejudice to Plaintiff to present his claim to the Senate Sergeant at Arms within sixty days after dismissal of this action.  *See* 28 U.S.C. § 2679(d)(5)(B).[12]

### III. Conclusion

For the reasons stated in this Opinion, it is hereby

ORDERED that Plaintiff's Motion to Remand is DENIED, and the Clerk of the Court is respectfully directed to terminate the pending motion on the docket (Dkt. No. 2); it is further

ORDERED that the United States is substituted as Defendant and Senator Charles E. Schumer is dismissed as Defendant; it is further

---

[12] The Court additionally finds that Plaintiff's claims would be dismissed for failure to state a claim as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6).  At its core, Plaintiff's claim is that Senator Schumer did not do enough to help Plaintiff with his dispute with Countrywide.  Yet, courts have recognized that elected members of the House and Senate cannot be sued simply because a constituent believes that member has failed to take a certain action or respond to the constituent's request for assistance.  *See, e.g.*, *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) ("For the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable."); *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (affirming district court finding that a constituent is not entitled to sue for damages simply because his or her representative fails to perform according to the constituent's wishes); *Lannak v. Biden*, No. 06-CV-180, 2007 WL 625849, at *2 (D. Del. Feb. 27, 2007) ("[P]laintiff's claim is barred under the legal principle that a member of Congress'[s] refusal to assist a constituent in response to the constituent's request for help does not create a cognizable claim."); *Craft v. McNulty*, 875 F. Supp. 121, 124 (N.D.N.Y. 1995) (finding that fact that defendant Congressman "failed to follow-up on the alleged wrongdoings of an Internal Revenue Service personnel is neither inappropriate nor actionable under the laws").  If Plaintiff is unhappy with Senator Schumer's work on his behalf, he has the recourse of the ballot box to register his dissatisfaction. *See Clayton by Clayton v. Place*, 884 F.2d 376, 381 (8th Cir. 1989) ("[T]he proper remedy for plaintiffs' disenchantment . . . is found at the ballot box . . . ."); *Page v. Lexington County Sch. Dist. One*, No. 06-CV-249, 2007 WL 162178, at *14 (D.S.C. Jan. 17, 2007) (noting that school's board members are elected and "may be removed, at the next election, if the voters disagree with the manner in which they have exercised their discretion"); *Howlette v. City of Richmond*, 485 F. Supp. 17, 23 (E.D. Va. 1978) ("[T]he primary remedy for a dissatisfied electorate is to vote at the next election to replace those with whom they disagree.").  But, he has no cognizable legal claim based on his allegations.  Accordingly, as an alternative to the dismissal on jurisdictional grounds, the Court finds that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6).

ORDERED that Defendant's motion to dismiss is GRANTED without prejudice, and the Clerk of the Court is respectfully directed to terminate the pending motion on the docket (Dkt. No. 10) and close the case.

SO ORDERED.

Dated: March 31, 2009
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

<u>Service List:</u> (by Mail)

Douglas D. De Masi, Sr.
1214 Beekman Road
Hopewell Junction, New York 12533
*Pro Se Plaintiff*

Lawrence H. Fogelman, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
*Counsel for Defendant*